UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSARIO VEGA, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>               Plaintiffs,<br><br>     -against-<br><br>REGENT HOSPITALITY LINEN SERVICES, LLC,<br><br>             Defendant. | **COMPLAINT**<br><br>Case No.:  24-cv-2911<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

Plaintiff ROSARIO VEGA ("Plaintiff" or "Ms. Vega"), on behalf of herself, individually, and on behalf of all others similarly-situated, by and through her attorneys, JOSEPH & NORINSBERG, LLC, as and for her Complaint against REGENT HOSPITALITY LINEN SERVICES, LLC., ("Defendant" or "Regent"), alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.      This is a civil action for damages and equitable relief based upon Defendant's willful violations of rights guaranteed to Plaintiff by the anti-discrimination and anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the New York State Human Rights Law ("NYSHRL").

2.      Additionally,  Plaintiff brings a this action on behalf of herself, individually and on behalf of all others similarly-situated based upon Defendant's violations of: (i) the requirement that employers compensate manual workers every week under the New York Labor Law ("NYLL") § 191; (ii) the NYLL's requirement that employers furnish employees with wage statements containing

specific categories of accurate information on each payday, NYLL § 195(3); and (iii) any other claim(s) that can be inferred from the facts set forth herein.

## PRELIMINARY STATEMENT

3.      Defendant provides industrial laundry and linen services to businesses throughout New York City and the surrounding region.   From March of 2021 to July of 2022, Defendant employed Plaintiff as a general laborer in their towel department.

4.      Unfortunately, Defendant condoned workplace behavior from Plaintiff's supervisor that was toxic, discriminatory and dangerous. After Plaintiff complained about regularly being referred to as "b***h by her supervisor, who on several occasions threatened to physically assault her, Defendant stood idly by and watched as Plaintiff's work environment became so unsafe that she had no choice but to tender her resignation.

5.      As if this unconscionable discriminatory work environment were not enough, Defendant also subjected their workforce of well over 100 employees to unlawful wage practices under the  NYLL.

6.      Specifically, Defendant also engaged in a pattern and practice of failing to make timely pay to their employees, including Plaintiff, on a weekly basis, in violation of the NYLL.

7.      Plaintiff therefore brings this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable limitations period who suffered damages as a result of the Defendant's uniform and systemic violations of the NYLL.

## PARTIES

8.      At all relevant times, Plaintiff worked for Defendant and was an "employee" entitled to the protections as defined in Title VII, the NYSHRL, and the NYLL.

9.      Defendant is a domestic business corporation organized under the laws of New York, with a principal place of business located at 75 Haven Avenue, Mount Vernon, N.Y. 10553.

10.      Defendant provides industrial laundry and linen services to businesses throughout New York City and the surrounding region.

11.      At all relevant times herein, Defendant was and is an "employer" within the meaning of the Title VII, the NYSHRL, and the NYLL. Additionally, Defendant's qualifying annual business is believed to exceed $500,000.00, Defendant employed and employs two or more people, and was and is engaged in commerce within the meaning of the Title VII.

## JURISDICTION AND VENUE

12.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under Title VII and 42 U.S.C. § 1981. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

13.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(i), as the Defendant resides and regularly does business within this judicial district.

14.      On May 15, 2023, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging gender discrimination.

15.      On January 25, 2024, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue. This Complaint is filed within 90 days of said date.

## BACKGROUND FACTS

***Regent Subjects Plaintiff to Gender Discrimination and an Openly Hostile Work Environment, Resulting in Her Constructive Discharge***

16.      Plaintiff commenced her employment with Defendant on or about September of 2021.

17.     Plaintiff worked as a general laborer for Defendant, eventually leading Defendant's towels department.  Plaintiff's work duties included unloading the dirty towels when they arrived at the facility, washing the towels, folding the towels, and repacking the clean towels to send back to customers.

18.     At all relevant times, Plaintiff executed her duties in an exemplary manner.

19.     Starting in March 2022, and continuing until June 2022, Plaintiff was subjected to daily acts of gender discrimination and hostility by her direct supervisor, Maurice.

20.     Maurice openly called Plaintiff a "b***h" on the shop floor. Maurice never used this sort of derogatory language with male employees.

21.     Maurice would scream "f**k you" at Plaintiff when she stood up for herself.

22.     In March 2022, Plaintiff first went to Maurice's supervisor, Jeremy, to report Maurice's abusive behavior.

23.     Jeremy told Plaintiff to stop complaining and ignore Maurice's behavior.

24.     Maurice's abusive behavior did not stop, and Plaintiff went back to Jeremy to complain again.

25.     During one meeting with Jeremy, Maurice said to Plaintiff that he "would rather curse her out than punch her in the mouth."

26.     Again, Jeremy did nothing to stop Maurice's behavior. Instead, he watched in silence before telling Plaintiff that Maurice "doesn't mean it" and instructed Plaintiff to complete her work and ignore Maurice's behavior.

27.     After Maurice saw that he could get away with this behavior without consequence, the behavior turned physical.

4

28.    In July 2022, as Ms. Vega was working diligently to complete towel service, Maurice began throwing towels at Ms. Vega and screamed, "You're working too f**king slow. I need this right f***ing now."

29.    Jeremy was present when Maurice physically and verbally abused Plaintiff and stood in silence.

30.    Jeremy again told Plaintiff that Maurice does not mean it.

31.    When Plaintiff saw that Defendant would take no action to correct Maurice's abusive and discriminatory behavior, she was left with no choice but to quit her job in to avoid this daily behavior.

***While Discriminating against Plaintiff, Regent Simultaneously Engages in NYLL Violations***

32.    Beginning in April of 2022, Defendant stopped paying their employees each week and begin paying them bi-weekly.

33.    Specifically, for four (4) months, from on or about April of 2022 until the end of July 2022, Defendant unlawfully stopped paying their employees each week.

34.    As a direct result of Defendant's actions and inactions, Plaintiff has suffered substantial damages including economic, physical, and emotional harm.

## RULE 23 CLASS ALLEGATIONS

35.    Plaintiff seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of herself and those similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL.

36.    Specifically, Plaintiff seeks certification of the following FRCP 23 Class:

Current and former employees performing manual labor for Defendant from April of 2023 onward ("Class Plaintiffs").

37.     All the requirements under FRCP(b)(3) are satisfied, as set forth below.

### Numerosity & Ascertainability

38.     During the applicable NYLL limitations period, the Defendant employed, in total, at least 100 employees who are putative members of this class.

39.     The precise number of the Class Plaintiffs is readily ascertainable through a review of Defendant's personnel, time, and payroll records.

### Common Questions of Law and/or Fact

40.     Questions of law and fact common to each Class Plaintiff predominate over any questions solely affecting individual members of the Rule 23 class, including but not limited to the following: (1) the duties that the Defendant required and requires each Class Plaintiff to perform; (2) the time and manner of compensating each Class Plaintiff; (3) whether Defendant furnished the Class Plaintiffs with timely wage statements each week  containing the information required by the NYLL; (4) whether the Defendant kept and maintained records with respect to the compensation that Defendant paid to the Class Plaintiffs for each hour worked; (5) whether the Defendant has any affirmative defenses to any of the Class Plaintiffs' claims; and (6) whether the Defendant's actions with respect to the Class Plaintiffs were in violation of the NYLL and supporting regulations.

### Typicality of Claims and/or Defenses

41.     As described above, Defendant employed Plaintiff and Class Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Class Plaintiffs whom she seeks to represent, as the Class Plaintiffs work and/or have worked for Defendant as hourly employees; Defendant did not pay them on a timely basis; and Defendant failed to furnish the

Class Plaintiffs with timely wage statements each week containing the information required by the NYLL.

42.     Plaintiff and the Class Plaintiffs enjoy the same statutory rights under the NYLL, i.e., to receive: timely payment of wages each week; wage statements each week.

43.     Plaintiff and the Class Plaintiffs have all sustained similar types of damages as a result of the Defendant's failure to comply with the NYLL and supporting regulations.

44.     Plaintiff and the Class Plaintiffs all have suffered injury including untimely compensation due to the Defendant's common policies, practices, and patterns of conduct.

45.     Plaintiff, as described above, worked in Defendant's warehouse in the Bronx with approximately 100 other employees performing manual labor.  Defendant failed to pay Plaintiff on a weekly basis from on or about April of 2022 until the end of her employment on or about July of 2022.

46.     Plaintiff fully anticipates providing discovery responses and testifying under oath as to all the matters raised in this Complaint and that will be raised in Defendant's Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

47.     Additionally, Plaintiff's counsel, Joseph & Norinsberg, LLC ("J&N"), has substantial experience in this field of law.  J&N is a well-respected litigation firm that represents Plaintiffs primarily in a wide variety of employment matters, including individual and class action litigation concerning wage and hour, discrimination, and harassment claims, among others. J&N is dedicated to its clients, working tirelessly to achieve the best outcome for them, sometimes at a significant cost to the firm in terms of time, resources, and financial risk. Plaintiff's counsel has handled hundreds of employment cases in federal districts courts, including dozens of Rule 23

class actions and FLSA collective actions.  Accordingly, Plaintiff's counsel will fairly and adequately represent the interests of the putative class and will take all steps necessary to obtain class certification and appointment as class counsel.

### Superiority

48.    A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of Class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent and varying determinations. Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

49.    Few, if any, material facts relating to the Class Plaintiffs' claims are atypical of those of the putative class.  Indeed, at all relevant times herein, the Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Class Plaintiffs.

50.    Any lawsuit brought by an hourly employee of the Defendant would be identical to a suit brought by any other hourly employee for the same violations.  Thus, separate litigation would risk inconsistent results.

51.    Accordingly, this means of protecting the Class Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**PLAINTIFF'S FIRST CAUSE OF ACTION**
(On behalf of Plaintiff)
*Gender Discrimination in Violation of Title VII*

52.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.     Title VII prohibits discrimination in the terms, conditions, and privileges of employment on the basis of gender.

54.     As set forth above, Defendant discriminated against Plaintiff on the basis of her gender, in violation of Title VII, by subjecting her to harassment and a hostile work environment in the form of physical abuse as well as unsolicited and prejudiced comments about her gender.

55.     To the extent that Maurice, Jeremy or other supervisors engaged in the discriminatory actions complained of herein, Defendant is vicariously liable for the actions of its employees.

56.     As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**SECOND CAUSE OF ACTION**
(On behalf of Plaintiff)
*Gender Discrimination in Violation of the NYSHRL*

57.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58.     The NYSHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of gender.

59.     As set forth above, Defendant discriminated against Plaintiff on the basis of gender in violation of the NYSHRL by subjecting her to harassment and a hostile work environment in the form of physical abuse as well as unsolicited and prejudiced comments about her gender.

60.     To the extent that Maurice, Jeremy or other supervisors engaged in the discriminatory actions complained of herein, Defendant is vicariously liable for the actions of its employees.

61.     As a direct and proximate result of Defendant's discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION
### (On behalf of Plaintiff)
*Constructive Discharge in Violation of Title VII*

62.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63.     Title VII prohibits an employer from retaliating against an employee for engaging in protected activity in the form of a complaint regarding illegal behavior.

64.     As described above, Defendant engaged in unlawful conduct when it constructively discharged Plaintiff after she engaged in protected activity by complaining about the harassment and discrimination she faced while employed by Defendant.

65.    Defendant's conduct included requiring Plaintiff to be subjected to Maurice's physical and verbal abuse.

66.    As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**FOURTH CAUSE OF ACTION**
(On behalf of Plaintiff)
*Constructive Discharge in Violation of the NYSHRL*

67.    Plaintiff hereby repeats, reiterates, and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

68.    The NYSHRL prohibits an employer from retaliating against an employee for engaging in protected activity in the form of a complaint regarding illegal behavior.

69.    As described above, Defendant engaged in unlawful conduct when it constructively discharged Plaintiff after she engaged in protected activity by complaining about the harassment and discrimination she faced while employed by Defendant.

70.    Defendant's conduct included requiring Plaintiff to be subjected to Maurice's physical and verbal abuse.

71.    As a direct and proximate result of Defendant's discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**<u>FIFTH CAUSE OF ACTION</u>**
(On behalf of Plaintiff and Rule 23 Plaintiffs)
*Failure to Timely Pay Wages in Violation of NYLL § 191*

72.     Plaintiff and the Class Plaintiffs allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73.     NYLL § 191(1)(a) requires employers to pay a "manual worker" weekly and not later than seven calendar days after the end of the week in which the wages are earned.

74.     As described above, Defendant failed to pay Plaintiff and the Class Plaintiffs -- who are manual workers -- all their wages weekly, and not later than seven calendar days after the end of the week in which the wages were earned.

75.     As a result of Defendant's failure to pay Plaintiff and the Class Plaintiffs all their wages in a timely manner, Plaintiff and the Class Plaintiffs are entitled to all unpaid wages, plus liquidated damages in an amount equal to 100% of each underpayment and/or late payment, as well as interest, costs, and attorneys' fees.

**SIXTH CAUSE OF ACTION**
(On behalf of Plaintiff and Rule 23 Plaintiffs)
*<u>Failure to Furnish Proper Wage Statements in Violation of the NYLL</u>*

76.     Plaintiff and the Rule 23 Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

78.     As described above, Defendant failed to furnish Plaintiff with weekly wage statements since on or about April of 2022.

79.     Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff and the Class Plaintiffs in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.      Certification of this action as a class action under Rule 23 and the appointment of Plaintiff's counsel as Lead Counsel for the Class Plaintiffs;

b.      Designation of Plaintiff as the Representative of the Class Plaintiffs;

c.      A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

d.      Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

e.      An order restraining Defendant from any retaliation against Plaintiff and/or Class Plaintiffs for participation in any form in this litigation;

f.      All damages that Plaintiff and the Class Plaintiffs have sustained as a result of the Defendant's conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff and the Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the NYLL;

h.      Punitive damages to the extent authorized by law in an amount commensurate with Defendant's ability and to deter future unlawful conduct;

i.       Awarding Plaintiff and Class Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

j.       Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiff and the Class Plaintiffs such other and further relief as this Court finds necessary and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

Date:   New York, New York
        April 17, 2024

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By:     _____

Diego O. Barros, Esq.
110 East 59th Street, Suite 2300
New York, New York 10022
Tel.:  (212) 227-5700
Fax:  (212) 656-1889
E-mails: diego@norinsberglaw.com
*Attorneys for Plaintiff and the Class Plaintiffs*

14