```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ROSARIO VEGA, on behalf of himself, individually, and                  :
on behalf of all others similarly situated,                            :
                                                                       :
                              Plaintiff,                               :     24 Civ. 2911
                                                                       :
               -v-                                                     :     ORDER
                                                                       :
REGENT HOSPITALITY LINEN SERVICES, LLC,                                :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The Court has reviewed the parties' submissions concerning the Clerk of Court's entry of default against Defendant, *see* Dkt. 12 (Certificate of Default), 16 ("Defendant's Letter"), 19 ("Plaintiff's Letter"), and has determined that good cause exists to set aside the entry of default under Federal Rule of Procedure 55(c). The Second Circuit has held that the good cause standard of Rule 55(c) "requires a court to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *State Univ. of N.Y. v. Triple O, LLC*, No. 21-2116-cv, 2022 WL 14177198, at *2 (2d Cir. Oct. 25, 2022) (internal quotation marks omitted).

The Second Circuit has further interpreted willfulness to "include conduct that is more than merely negligent or careless, such as where the behavior was egregious and was not satisfactorily explained." *Id.* at *3 (internal quotation marks omitted). Here, there is no indication that Defendant's default was willful. Even crediting Plaintiff's argument that Defendant was properly served through the New York Secretary of State, Defendant's apparent failure to update or correct the address on file with the Secretary of State does not show willfulness. *See* Plaintiff's Letter at 2; *Huebner v. Nissan Shapiro L. P.C.*, No. 19 Civ. 5747 (EK) (PK), 2022 WL 940143, at *4

(E.D.N.Y. Mar. 11, 2022) ("The failure of a defendant to update its address with the Secretary of State is, by itself, insufficient to render a default willful." (internal quotation marks omitted)), *report and recommendation adopted*, 2022 WL 939767 (E.D.N.Y. Mar. 29, 2022). The fact that Defendant appeared promptly after Plaintiff filed his motion for default judgment also undercuts a finding of willfulness "because it evidences an intention and attempt to defend against the action." *Antolini v. McCloskey*, No. 19 Civ. 9038 (GBD) (SDA), 2020 WL 8679705, at *3 (S.D.N.Y. Dec. 23, 2020) (internal quotation marks omitted), *report and recommendation adopted*, 2021 WL 3076698 (S.D.N.Y. July 20, 2021).

In terms of prejudice, the Court similarly concludes that the short delay in this case is unlikely to have "result[ed] in the loss of evidence, create[d] increased difficulties of discovery, or provide[d] greater opportunity for fraud and collusion." *Robinson v. Sanctuary Music*, 383 F. App'x 54, 58 (2d Cir. 2010) (internal quotation marks omitted). Plaintiff's conclusory statement that Defendant's belated appearance "has resulted in unnecessary delays" fails to persuade for much the same reasons. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) ("[D]elay standing alone does not establish prejudice.").

As to meritorious defenses, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Triple O*, 2022 WL 14177198, at *3 (internal quotation marks omitted). Defendant has met this low bar. Plaintiff concedes that Defendant may be entitled to dismissal of his New York Labor Law Section 191 delayed wage claims under the Second Department's decision in *Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (2d Dep't 2024), although the Court does not prejudge this defense. *See* Plaintiff's Letter at 3; Defendant's Letter at 3. While Plaintiff claims that this potential defense "does not establish that Defendant will prevail as a matter of law on that issue," Plaintiff's Letter at 3, as noted above, Defendant "need not establish his defense conclusively" at this juncture,

2

*Triple O*, 2022 WL 14177198, at *3 (internal quotation marks omitted).

The Court therefore sets aside the Certificate of Default against Defendant under Rule 55(c). As a result, Plaintiff's motion for default judgment is denied as moot and the hearing scheduled for July 29, 2024 is adjourned *sine die*. As previously ordered by the Court, Defendant shall respond to the Complaint by July 24, 2024. Dkt. 18. The Clerk of Court is respectfully directed to close Docket Number 17.

SO ORDERED.

Dated: June 27, 2024
      New York, New York

                               JOHN P. CRONAN
                         United States District Judge