

**NISAR LAW GROUP, P.C.**
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165

Susan Ghim, Of Counsel
sghim@nisarlaw.com
Main: (212) 600-9534
Direct: (646) 889-1011

December 10, 2024

VIA ECF
Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:     Case No. 24cv2911 Rosario Vega v. Regent Hospitality Linen Services LLC
        Notice / Motion for Court order to voluntarily dismiss counterclaim without prejudice

Dear Judge Cronan:

As the Court is aware, undersigned counsel represents the Defendant Regent Hospitality Linen Services, LLC ("Regent") in the above referenced matter.  Pursuant to the Court's minute entry order dated on or about December 5, 2024, Defendant / Counterclaim Plaintiff Regent respectfully submits this notice of voluntary dismissal and motion for an order of voluntary dismissal without prejudice of its counterclaim pursuant to FRCP 41(a)(2).  [ECF doc. 21]  Diego Barrio and Michael Minkoff Counsel for Plaintiff Rosario Vega ("Vega") were notified this morning by email that Defendant Regent would specifically file a request for voluntarily dismissal of its counterclaim without prejudice.  Both counsel for Plaintiff thanked undersigned counsel for this notification thereby consenting to this filing for voluntary dismissal.

FRCP 41(a)(1) (A) provides in relevant part, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."  In contrast however, FRCP 41(c) states in relevant part, "This rule applies to a dismissal of any counterclaim…A claimant's voluntary dismissal under Rule 41(a)(A)(i) must be made: (1) before a responsive pleading is served; or if there is no responsive pleading, before evidence is introduced at a hearing or trial. Regent's Counterclaim was timely filed with its Answer on or about July 24, 2024.  [ECF doc. 21] On or about August 14, 2024, Plaintiff Vega filed an Answer to Regent's counterclaim based on the common law theory of breach of duty of loyalty or faithless servant.  [ECF doc. 23]  Accordingly, in an abundance of caution, Regent respectfully defers to the Court as to whether it should file a stipulation of voluntary dismissal signed by all counsel for the parties to be so ordered by the Court or if the Court will file an order granting Defendant Regent's voluntary dismissal without prejudice of its counterclaim pursuant to FRCP

41(a)(2) based on the instant submission.  *See e.g., Enzo Biochem, Inc. v. Harbert Discovery Fund, LP*, 2022 US Dist. LEXIS 217033 at *4; 2022 WL 17361942 (SDNY, 2022) (This case involved similar facts wherein the Court granted the defendant's motion to voluntarily dismiss its counterclaims without prejudice pursuant to FRCP 41(a)(2) with the Court holding in relevant part, "courts favor a broad approach to Rule 41(a)(2) motions…A plaintiff has the unqualified right to dismiss his complaint at law…unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter. [internal quotes and citations omitted]") *See also, Lopes v. First Unum Ins. Co.,* 2012 US Dist. LEXIS 127618 at *3; 2012 WL 3887517 (EDNY 2012) (This case involved similar facts where the Court granted the defendant's motion to voluntarily dismiss its counterclaims pursuant to FRCP 41(a)(2) after an answer was served with the Court stating in relevant part, "[a]lthough voluntary dismissal without prejudice is not a matter of right, courts in this circuit presume that a party's motion to dismiss its own claims without prejudice should be granted.")

Should this Court choose to order a voluntary dismissal without prejudice pursuant to FRCP 41(a)(2) the Courts in this district analyze *Zagano* factors.  *See, Enzo Biochem*, 2022 US Dist. LEXIS 217033 at *4-5 *citing Zagano v Fordham Univ*., 900 F2d 12, 14 (2d Cir. 1990)  In *Enzo*, the Court cited the *Zagano* factors in granting a voluntary dismissal of counterclaims without prejudice by defendant *Harbert* stating follows: "the plaintiff's diligence in bringing the motion; any undue vexatiousness on plaintiff's part, the extent to which the suit has progressed, …the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *See, Enzo Biochem, Inc.* 2022 US Dist. LEXIS 217033 at *5.  Applied to the facts in the instant case: 1) plaintiff filed this motion by the due date of December 10, 2024 pursuant to the Courts minute entry order dated on or about December 5, 2024; (2) As in *Enzo*, there has been no vexatiousness on counterclaim plaintiff Regent's part because it "brought counterclaims, in a suit it did not initially file, for the sole purpose of harassing Counter-Defendants, as it was not the initial instigator of this action." *Id*. at *6; (3) the parties are at the beginning of the discovery phase where the Court so -ordered the parties' case management plan on or about December 9, 2024 [ECF doc. 33] and (4) because there was no discovery to date on the faithless servant counterclaim, there would be no duplicative expense of re-litigation.  Moreover, in *Enzo*, the court specifically explained that the mere prospect of a second litigation is not a ground for denying a voluntary dismissal without prejudice. *Id*. at *4; and 5) counterclaim plaintiff Regent is dismissing its counterclaim because: (a) to spare the Plaintiff the time and costs of making a motion to dismiss the counterclaim; and (b) as discussed at the pre-motion conference held on or about December 3, 2024, Defendant Regent is scheduled to move for dismissal of all claims pursuant to FRCP 12(c) for judgment on the pleadings, 12(b)(1) lack of jurisdiction over state law claims, and 28 USC 1367 which governs federal courts' supplemental jurisdiction over state law claims. *See*, [Court's minute entry order dtd 12/5/2024]  In the event the Court grants dismissal of Plaintiff Vega's federal claim under Title VII, it may decline supplemental jurisdiction over Plaintiff's state law claims as well as Defendant's state law counterclaim and dismiss them without prejudice; or if the Court dismisses the unrelated New York Labor Law state law claims for lack of jurisdiction under FRCP 12(b)(1) and 28 USC §1367 the Court may similarly dismiss Regent's state law counterclaim without prejudice; and should Plaintiff pursue these state claims in state court, Defendant Regent wishes to maintain its right pursue its state law counterclaim and/or remedies in state court.

2

Based on the foregoing, Defendant / Counterclaim Plaintiff Regent respectfully requests an order of voluntary dismissal of its counterclaim without prejudice and any and other further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Susan Ghim

_____

Susan Ghim, Of Counsel

Via ECF to: All Attorneys of Record

The request is granted.  Defendant and Counterclaim Plaintiff Regent Hospitality Linen Services, LLC's counterclaim for breach of the duty of loyalty/faithless servant, *see* Dkt. 21 at 21-32, is dismissed without prejudice.  The Clerk of Court is respectfully directed to close Docket Number 34.

SO ORDERED.
Date: December 12, 2024
New York, New York

JOHN P. CRONAN
United States District Judge

3